**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Crim. Case No. 03-CR-80139
                                                             Civil Case No. 06-CV-13091

CHRISTOPHER LEE BENSON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR A CERTIFICATE OF APPEALABILITY**

Pending before the court is Defendant Christopher Lee Benson's motion for a certificate of appealability, filed on March 7, 2007. For the reasons set forth below, the motion will be denied.

**I. BACKGROUND**

Defendant was arrested pursuant to a search warrant on January 23, 2003. In a state court felony complaint, Defendant was charged with possession with intent to deliver less than 50 grams, felon in possession of a firearm, felony firearm, and as a habitual offender, fourth. (State Felony Compl., Def.'s Ex. B.) Defendant was represented by James Parker at his February 3, 2003 pre-exam. (02/03/03 Trans. at 3, Def.'s Ex. C.) Because federal agents were not present at the pre-exam with a federal complaint warrant, the state prosecutor offered to allow Defendant to "plead guilty as charged," and if Defendant refused the offer, Defendant was informed that the state charges would be dropped and Defendant would face federal prosecution under the federal-state cooperative program Project Safe Neighborhoods ("PSN"). (*Id*. at 4.) The

prosecutor submitted that "pleading guilty as charged is probably a deal given what [Defendant] could be facing over at the Federal level." (*Id.*)  Defendant rejected the offer to plead guilty as charged in state court, and invoked his right to a preliminary examination.  (Def.'s Aff. at ¶ 7, Def.'s Ex. I.)

At the preliminary examination, where Defendant was represented by Kim Basen, the state charges were dismissed and Defendant was arrested and taken into custody by federal agents.  (02/06/03 Trans. at 3-4, Def.'s Ex. D.)  In the February 27, 2003 federal indictment, Defendant was charged with the following: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  At a May 7, 2003 conference, where Defendant was represented by Robert Kinney, the parties discussed the maximum penalties as outlined above, and a proposed Rule 11 plea agreement whereby the Government would agree to a non-binding recommendation of a 165-month sentence.  (05/07/03 Trans. at 5.)  Defendant stated that he understood the plea offer, and that if he was convicted at trial, his sentence would be "*at least* three levels higher." (*Id.* at 3 (emphasis added).)

Defendant proceeded to trial, represented by Mr. Kinney, where he was convicted by a jury on all three counts and sentenced to 360 months' imprisonment.  Defendant appealed his conviction, but the Sixth Circuit found no error, declined to review his ineffective assistance of counsel claim, and remanded for re-sentencing.  Defendant was re-sentenced on July 19, 2005, and received a sentence of 360 months, which the Sixth Circuit affirmed.

On June 6, 2006, Defendant filed this motion under 28 U.S.C. § 2255, claiming (1) that the PSN program "constructively denied [Defendant] his right to counsel during the state court proceedings," or in the alternative "he was deprived of the effective assistance of counsel in state court" when his attorney failed to properly advised him regarding "the potential sentence he would face in federal court"; and (2) that "he was deprived of the effective assistance of counsel in federal court because counsel failed to provide reasonably competent advice regarding [Defendant's] sentencing exposure." (Def.'s Mot. at 12.)  On February 27, 2007, the court denied Defendant's motion, and he now asks the court to grant him a certificate of appealability.  For the reasons set forth below, the court will deny Defendant's motion.

## II.  STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."  Fed. R. App. P. 22(b)(1).  This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right."  To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*

3

## III. DISCUSSION

In his motion, Defendant requests that the court grant him a certificate of appealability only on his claim of ineffective counsel in state court.

### A. Jurisdiction

Defendant first contends that he is entitled to a certificate of appealability on his claim that the district court has jurisdiction over the actions of Defendant's state court attorneys. Defendant relies on *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006), which holds the district court has authority to address perceived constitutional errors in state proceedings when the United States Attorney's Office is a party to the state court plea offer. *Id.* at 600. Citing *Morris*, Defendant argues that where state and federal authorities act jointly, the conduct of the state authorities is subject to the district court's jurisdiction.

In its February 27, 2007 order, the court found that there was no evidence that the United States Attorney's office was involved in Defendant's state court plea. (2/27/07 Order at 8.) Unlike *Morris*, here "the federal agents were not present at the pre-exam with a federal complaint warrant." (*Id.* at 2.) The court therefore concluded that it had "no jurisdiction over the actions of Defendant's state court attorneys." (*Id.* at 8.) Reasonable jurists would not find the court's assessment of Defendant's claim debatable or wrong.

### B. Ineffective Counsel in State Court

Defendant next asks for a certificate of appealability on the merits of his ineffective assistance of counsel claim. In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's

4

performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged.  *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance").  It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.

Defendant claims that he was not able to meaningfully speak to his state attorneys during plea negotiations and never met with his attorneys other than for a few minutes before his court appearances.  Defendant also claims that he received ineffective assistance of state counsel because his attorneys neither advised him properly at the pre-exam and preliminary examination, nor were they in the position to advise him of the ramifications of the federal sentencing guidelines.  Additionally, Defendant cites *Morris* to argue the significant disparities between penalties should be given special weight to determine that a properly informed defendant would have accepted a plea offer instead of exposing itself to federal jurisdiction and trial.

In its February 27, 2007 order, the court rejected Defendant's ineffective assistance of counsel claim because the record established that Defendant was advised of both the potential sentence he would receive if he plead guilty in state court, and the potential sentence he faced if his case was transferred to federal court.  (02/27/07 Order at 2.)  Specifically, the court found that Defendant refused the state court plea offer despite being warned that his federal sentence "could well be substantially higher than

the state court sentencing exposure." (*Id.* at 8-9.)  Finally, the court found that Defendant's reliance on *Morris* was misplaced because Defendant failed to show that his attorney was assigned to his case immediately before the pre-exam, did not acquaint himself with Defendant's case, did not speak privately with Defendant, and was unaware of Defendant's sentencing exposure.  (*Id.* at 9 n.2.)  Reasonable jurists would not disagree with these conclusions.

### IV.  CONCLUSION

IT IS ORDERED that Defendant's motion for a certificate of appealability [Dkt # 83] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 26, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522