**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Crim. Case No. 03-CR-80139
                                                    Civil Case No. 06-CV-13091

CHRISTOPHER LEE BENSON,

    Defendant.

                                                     /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR
RECONSIDERATION OF MOTION FOR CERTIFICATE OF APPEALABILITY"**

In Defendant's March 7, 2007 motion, Defendant requested a certificate of appealability on his ineffective assistance of state court counsel claim. The court denied the motion. Now Defendant moves for reconsideration of that order, claiming that he also requested a certificate of appealability on his claim of ineffective assistance of counsel in federal court. For the reasons set forth below, the court will deny Defendant's motion.

Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication,

will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

The court restricted its order denying Defendant's certificate of appealability to his claim of ineffective assistance of counsel in state court because Defendant's motion for a certificate of appealability raised only that issue.  In his motion for reconsideration, Defendant insists that he requested a certificate of appealability "to all issues raised in his Motion for Relief from Judgment Pursuant to 28 USC §2255," and quotes the following portions of his "Motion for Certificate of Appealability" to substantiate his argument:

> In Petitioner's case, reasonable jurists could find, and have found, that a district court has jurisdiction to review the proceedings in both state and federal court as they pertain to the constitutional claims because PSN is a joint federal-state program.
>
> . . .
>
> Reasonable jurists could <u>also</u> find that Petitioner's Sixth Amendment right to counsel was constructively violated in state court.

(Def.'s Mot. at 3 (quoting Mot. for COA at 7, 8) (emphasis in motion).)

The first quoted section relates to Defendant's argument regarding the court's jurisdiction to hear his claim of ineffective assistance of counsel in state court.  The mere mention of the word "federal" is insufficient to raise Defendant's claim of ineffective assistance of federal counsel, particularly because there was never any question of the court's jurisdiction to hear the federal ineffective assistance claim.  And while the second quoted section uses the word "also," the preceding paragraph dealt not with Defendant's claim of ineffective assistance of federal counsel, but instead with Defendant's jurisdictional claim.  Thus, the word "also" completed Defendant's argument

that the court not only had jurisdiction to hear Defendant's ineffective assistance of state counsel claim, but also that this claim had merit.

A careful review of Defendant's March 7, 2007 motion, including the portions highlighted above, reveals that Defendant has made no argument or other indication that he sought a certificate of appealability on his claim of ineffective assistance of counsel in federal court. The court finds that Defendant has failed to show that the court's decision was based on a palpable defect by which the court was misled. Accordingly, the court will deny Defendant's motion for reconsideration.

Even if Defendant properly raised his ineffective assistance of federal counsel claim in his motion for a certificate of appealability, the court would decline to issue a certificate of appealability on the merits. In Defendant's March 7, 2007 motion to vacate sentence, Defendant argues that his federal counsel was ineffective (1) for not knowing Defendant would be subject to the career offender enhancement and (2) for failing to tell Defendant that he could receive a sentence of 30 years to life. The court found that "at the time of the plea negotiations, both the Government and Mr. Kinney reasonably believed that the Rule 11 plea agreement guideline calculations were correct," and "the fact that the probation department's investigation concluded that Defendant's criminal history qualified him for career offender status does not retroactively render Mr. Kinney's assistance deficient." (03/26/07 Order at 5-6.) The court further rejected Defendant's claim that he was insufficiently advised by his attorney of his sentencing exposure during the plea bargaining stage because the court explained to Defendant that he faced at least thirty-five years if convicted, and Defendant clearly communicated

to the court that his attorney adequately explained the plea agreement, the dangers of going to trial, and his sentencing exposure.

Finally, the court found that Defendant failed to demonstrate prejudice resulting from this allegedly ineffective assistance. The court determined that Defendant's failure to accept the state plea agreement, despite his exposure to a life sentence in state court, undermined his contention that he would have accepted the federal plea offer had he known of his federal sentencing exposure. Additionally, the court noted that Defendant would have been sentenced as a career offender even if Defendant had accepted the federal plea. The court therefore concluded that Defendant failed to establish that but for counsel's deficient advice there was a reasonable probability that he would have accepted a plea resulting in a more favorable outcome. No reasonable jurists would find the court's conclusions debatable or wrong. Accordingly,

IT IS ORDERED that Defendant's "Motion for Reconsideration of Motion for Certificate of Appealability" [Dkt # 89] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522