**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 03-80139

CHRISTOPHER BENSON,

    Defendant.

_____/

**OPINION AND ORDER TRANSFERRING DEFENDANT'S MOTION TO VACATE
SENTENCE TO THE SIXTH CIRCUIT**

Defendant Christopher Benson was found guilty by a jury on June 16, 2003 of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). (ECF No. 17, PageID.20.) On February 11, 2004, the court sentenced Defendant to a total of 360 months imprisonment with three years of supervised release to follow. (ECF No. 31, PageID142-43.) Following an appeal, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255 on July 6, 2006. (ECF No. 70.) After that first motion was denied, Defendant requested a certificate of appealability. (ECF Nos. 81, 83.) Both the district court and the Sixth Circuit denied a certificate of appealability. (ECF Nos. 88, 91.)

On February 27, 2020, Defendant filed a "Motion to [V]acate [S]entence [U]nder 28 U.S.C. [§] 2255." (ECF No. 102.) He claims that the *en banc* Sixth Circuit decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) warrants a correction to his sentence. (*Id.*, PageID.540-41.) The government has filed a response and Defendant

has replied. (ECF Nos. 105, 106.) The court has reviewed the record in this case and finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). The court will transfer Defendant's motion to the U.S. Court of Appeals for the Sixth Circuit as a second or successive motion to vacate his sentence.

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). However, § 2255 places limitations on filing and litigating "second or successive" motions. 28 U.S.C. § 2255(h). Title 28 U.S.C. § 2255(h) provides that any "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007) ("Section 2244(b)(3) provides a procedure for filing a second or successive motion, which requires, *inter alia*, that the motion originate in the court of appeals and be authorized by a three-judge panel.").

Defendant's motion is "second or successive" under 28 U.S.C. § 2255(h). He does not allege that the factual predicates underlying his conviction and sentence have materially changed. *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) ("[N]umerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition."). Instead, Defendant argues new caselaw from the Sixth Circuit supports resentencing. *Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014) (quotation removed) (A § 2255 motion

2

is second or successive "even though the second motion presents grounds that could not have been raised earlier."); *Petaway v. United States*, 104 F. Supp. 3d 855, 857 (N.D. Ohio 2015) (quotation removed) ("But what makes a claim unripe, at least for purposes of [an] exception to the bar on second or successive motions, is that the factual predicate has not matured, not that the law was unsettled or has changed.").

Defendant has not provided any evidence of authorization from the Sixth Circuit to file a successive § 2255 motion, and the court has not independently received such authorization. "[W]hen a second or successive . . . § 2255 motion is filed in district court without . . . authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Thus, the court will transfer Defendant's motion to the Sixth Circuit. Accordingly,

IT IS ORDERED that Defendant's "Motion to [V]acate [S]entence [U]nder 28 U.S.C. [§] 2255" (ECF No. 102) is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

                      s/Robert H. Cleland                    /
                      ROBERT H. CLELAND
                      UNITED STATES DISTRICT JUDGE

Dated:  July 7, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 7, 2020, by electronic and/or ordinary mail.

                      s/Lisa Wagner                              /
                      Case Manager and Deputy Clerk
                      (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\03-80139.BENSON.2255Transfer.TC.RMK.2.docx