# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                          Case No. 03-80139

CHRISTOPHER LEE BENSON,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Christopher Lee Benson was convicted by jury of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). (ECF No. 31, PageID.141.) On February 11, 2004, he was sentenced to 360 months imprisonment. (*Id.*, PageID.142.) On July 19, 2005, Defendant was sentenced again to 360 months imprisonment. (ECF No. 62, PageID.233.)

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 108.) He argues that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at USP Thomson justify his immediate release. The government has filed a response. (ECF No. 111.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

Under the federal compassionate release statute, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held recently in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply to compassionate release analysis, and courts are to ignore it. *Jones*, 980 F.3d at 1111. A prisoner seeking compassionate release must nonetheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Before the court may consider a motion for compassionate release, Defendant must exhaust administrative remedies. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), Defendant may seek compassionate release himself only if he submits a request for compassionate release to his warden

and he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier."

Defendant has submitted no evidence that he exhausted his administrative remedies at the BOP. The government asserts that the BOP "has no record of a request from [Defendant] for a reduction in sentence." (ECF No. 111, PageID.577.) Defendant has not satisfied the mandatory exhaustion requirements § 3582(c)(1)(A), and his motion must be denied.

Even if the court were to consider the merits of Defendant's motion, his circumstances are not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.).

Defendant provides no evidence of a severe or debilitating medical condition. He is fearful of contracting COVID-19, (ECF No. 108, PageID.565), but his medical records show no diagnoses that may place him at higher risk of developing serious

3

complications. *See COVID-19: People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 19, 2021). (ECF No. 113, PageID.654.) His current medical conditions include only "minimal" osteoarthritis of the knee and lower back pain. (ECF No. 113, PageID.654.) Neither of those conditions are extreme or irregular, and neither warrant the extraordinary remedy of compassionate release.[1] 18 U.S.C. § 3582(c)(1)(A).

Furthermore, Defendant contracted and successfully recovered from COVID-19 in early December 2020. (*Id.*, PageID.655-56.) He experienced only mild symptoms. (*Id.*, PageID.689-90, 692-93.)  While there are sporadic reports of isolated reinfections, the court is aware of no study or scientifically derived evidence showing that reinfection is, even if *possible*, common or in any way likely. *See* Rebecca Hersher, *First Confirmed Case of U.S. Coronavirus Reinfection*, National Public Radio (October 12, 2020), https://www.npr.org/sections/coronavirus-live-updates/2020/10/12/922980490/scientists-confirm-nevada-man-was-infected-twice-with-coronavirus; *Reinfection with COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Jan. 19, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare."); *see also COVID-19 Reinfection Tracker*, BNO News,

---

1  Defendant also asserts that he has an elderly mother whom Defendant may look after if he were to be released. (ECF No. 108, PageID.566-67.) The court has no assurances that Defendant will actually take care of his mother if released. Furthermore, simply having an elderly parent who may need assistance, and may be susceptible to COVID-19, is not, by itself, exceptional and does not justify early release. 18 U.S.C. § 3582(c)(1)(A).

https://bnonews.com/index.php/2020/08/covid-19-reinfection-tracker/ (last visited Jan. 19, 2021) (media report listing thirty-nine confirmed cases of reinfection worldwide).

While incarcerated, Defendant receives medical treatment and monitoring. (*See, e.g.*, ECF No. 113, PageID.689-94.) The court is provided few assurances that he will have equal access to quality healthcare if released. Defendant has two prior drug-trafficking felonies, and he was on parole at the time he committed the instant drug and firearm offenses. (ECF No. 60, PageID.224.) Given his extensive history of failing to comply with basic rules and societal expectations, even when violations carry significant jailtime, release may not substantially reduce his risk of exposure. *See How to Protect Yourself & Others*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited Jan. 19, 2021) (suggesting voluntary precautions to mitigate the spread of COVID-19). If Defendant is released and he returns to a life of drug trafficking and illegal firearm possession, he puts himself at risk of attack, reprisal, and serious bodily injury. In all, the court is not convinced that Defendant's health and safety will improve if immediate release is granted.

To release Defendant, the court would need to speculate as to whether there is a medically recognized possibility of becoming re-infected with COVID-19, and if there is, whether he would likely contract the disease once again; whether he will develop serious symptoms if re-infected; and whether his heath, and access to quality healthcare, would improve upon release. Compassionate release in these circumstances is not warranted. 18 U.S.C. § 3582(c)(1)(A). Accordingly,

5

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 108) is DENIED.

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 12, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner              /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\03-80139.BENSON.MotionforCompassionateRelease.RMK.docx