UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 03-80139

CHRISTOPHER LEE BENSON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

Defendant Christopher Lee Benson was convicted by jury of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). (ECF No. 31, PageID.141.) On February 11, 2004, the court sentenced him to 360 months imprisonment. (*Id.*, PageID.142.) Defendant was resentenced on July 19, 2005, to 360 months imprisonment. (ECF No. 62, PageID.233.)

On July 6, 2006, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 70.) The court denied the motion on February 27, 2007, (ECF No. 81), and the Sixth Circuit denied an application for a certificate of appealability on July 17, 2007. (ECF No. 512.)

On February 27, 2020, Defendant filed a second motion to vacate sentence, (ECF No. 102), and the court transferred the motion to the Sixth Circuit on July 7, 2020. (ECF No. 107.) On February 10, 2021, the Sixth Circuit denied certification to allow Defendant to file a successive § 2255 motion. (ECF No. 114.)

On March 30, 2021, Defendant filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(d). (ECF No. 116.) Defendant argued that his conviction for possession with intent to distribute cocaine base must be vacated and declared void because, according to him, the government and the court fraudulently altered that offense after Defendant was indicted. (*Id.*, PageID.799.) Defendant alleged that he was indicted for trafficking cocaine, not cocaine base, and he asserts that, under the Fifth Amendment, he could not be charged for an offense that was not included in an indictment. (*Id.*, PageID.789.)

On May 20, 2021, the court reasoned that, in the Rule 60(d) motion, Defendant "attempt[ed] to add a new ground for relief" under § 2255 after the court denied his original § 2255 motion in 2007. (ECF No. 119, PageID.817 (quoting *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007)).) The court held that Defendant's motion was "effectively a motion to vacate, set aside, or correct the sentence" and transferred the motion to the Sixth Circuit as a successive § 2255 motion. (*Id.*, PageID.817-18.)

Defendant has filed a "Motion to Repeal and Reverse" the court's May 20 opinion. (ECF No. 121.) He argues again that the offense of possessing with intent to distribute cocaine base was not included in his indictment and that he is factually innocent of that offense. (*Id.*, PageID.826.) In addition, he asserts that the March 30 motion was properly brought under Federal Rule of Civil Procedure 60(d) and was not a successive § 2255 motion. (*Id.*, PageID.825-26.)

The court construes the instant motion as a motion for reconsideration of the May 20 opinion. To prevail on a motion for reconsideration, there must be a "palpable defect" that "misled" the court. E.D Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is

obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[C]orrecting the defect" must also "result in a different disposition of the case." E.D Mich. L.R. 7.1(h)(3). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *see also Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (Gadola, J.).

To the extent Defendant argues that he was not properly convicted for possessing with intent to distribute cocaine base, reconsideration of the May 20 opinion is not warranted. Defendant raised the same argument in his original Rule 60(d) motion (ECF No. 116, PageID.789.), and "the [c]ourt will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the [c]ourt, either expressly or by reasonable implication." E.D Mich. L.R. 7.1(h)(3).

Defendant also argues that the allegations contained in his March 30 motion were properly brought under Rule 60(d). A motion under Rule 60(d) is a successive § 2255 motion if it "attacks the federal court's previous resolution of a [§ 2255] claim on the merits" or if it "attempts to add a new ground for relief." *In re Nailor*, 487 F.3d at 1022 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). A Rule 60(d) motion is not a successive § 2255 motion if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the [prior] federal [§ 2255] proceedings." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Rule 60 "is not applicable to criminal proceedings." *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003); *see also United States v. Campbell*, 96 F. App'x 966, 968 (6th Cir. 2004) ("[T]he Federal Rules of Civil Procedure do not apply to criminal

3

proceedings."). While a Rule 60(d) motion "may be used to seek relief from the denial of § 2255 motion," *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004), Defendant does not allege that there was any "defect in the integrity" of the court's resolution in 2007 of his original § 2255 motion. *In re Nailor*, 487 F.3d at 1022. Instead, Defendant claims that his original criminal sentence should be vacated because he was not indicted for an offense for which he was eventually convicted. Thus, Defendant's March 30 motion for relief from judgment was correctly construed as a successive § 2255 motion, and the court's May 20 decision to transfer the motion to the Sixth Circuit neither embraced nor depended upon a "palpable defect" by which the court was "misled." E.D Mich. L.R. 7.1(h)(3). Accordingly,

IT IS ORDERED that Defendant's "Motion to Repeal and Reverse" (ECF No. 121) is CONSTRUED as a Motion for Reconsideration and DENIED.

    s/Robert H. Cleland    /
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: June 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2021, by electronic and/or ordinary mail.

    s/Lisa Wagner    /
    Case Manager and Deputy Clerk
    (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\03-80139.BENSON.MotionforReconsideration.RMK.docx