**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                  Case No. 03-80139

CHRISTOPHER LEE BENSON,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
REQUEST FOR ASSISTANCE OF COUNSEL**

    Defendant Christopher Lee Benson was convicted by jury of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). (ECF No. 31, PageID.141.) On February 11, 2004, the court sentenced him to 360 months imprisonment. (*Id.*, PageID.142.) Defendant was resentenced on July 19, 2005, to 360 months imprisonment. (ECF No. 62, PageID.233.)

    On July 6, 2006, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 70.) The court denied the motion on February 27, 2007, (ECF No. 81), and the Sixth Circuit denied an application for a certificate of appealability on July 17, 2007. (ECF No. 512.) On February 27, 2020, Defendant filed a second motion to vacate sentence, (ECF No. 102), and the court transferred the motion to the Sixth Circuit on July 7, 2020. (ECF No. 107.) On February 10, 2021, the Sixth Circuit denied certification to allow Defendant to file a successive § 2255 motion. (ECF No. 114.)

On March 30, 2021, Defendant filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(d). (ECF No. 116.) On May 20, 2021, the court reasoned that, in the Rule 60(d) motion, Defendant "attempt[ed] to add a new ground for relief" after the court already denied his original § 2255 motion in 2007. (ECF No. 119, PageID.817 (quoting *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007)).) The court held that the motion for relief from judgment was "effectively a motion to vacate, set aside, or correct the sentence" and transferred the motion to the Sixth Circuit as a successive § 2255 motion. (*Id.*, PageID.817-18.)

On July 8, 2021, Defendant mailed a "Request for Assistance of Counsel." (ECF No. 124.) He asks that the court appoint him counsel while he seeks certification to file a successive § 2255 motion at the Sixth Circuit.

Once the court transferred Defendant's successive § 2255 motion to the Sixth Circuit, the court no longer retained jurisdiction over the matter. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (stating that district courts are "without jurisdiction to entertain" successive habeas petitions)[1]; *United States v. McDonald*, 325 F. App'x 880, 884 (6th Cir. 2009) (finding that a district court "did not have jurisdiction" over a successive § 2255 proceeding). The court cannot appoint counsel for claims and in cases currently under review at the Court of Appeals. *See Salem v. Warren*, Case No.

---

[1] *Burton* involved a petition for habeas corpus made by a state prisoner under 28 U.S.C. § 2254. The same bar and jurisdictional limits on successive § 2255 motions for federal prisoners "appl[y] to claims presented in a second or successive application for relief under § 2254." *Clark v. United States*, 764 F.3d 653, 658 n.1 (6th Cir. 2014) (citing 28 U.S.C. § 2244(b)(2)). Courts regularly review under the same standards "second and successive" § 2255 motions and § 2254 habeas petitions. *See Lang v. United States*, 474 F.3d 348, 351 n.3 (6th Cir. 2007) (considering § 2254 cases "highly relevant" to § 2255 analyses); *In re Stansell*, 828 F.3d 412, 419-20 (6th Cir. 2016) (citing § 2255 and § 2254 precedents in tandem).

09-12157, 2009 WL 3125554, at *2 (E.D. Mich. Sep. 28, 2009) (Battani, J.) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) ("A district court lack[s] jurisdiction over [a] motion for the appointment of counsel to assist in [the] filing of a successive habeas corpus petition [at the Sixth Circuit]."); *Wagner v. Smith*, Case No. 06-10514, 2007 WL 3124659, at *2 (E.D. Mich. Oct. 25, 2007) (Roberts, J.) ("Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals . . . [a] motion for the appointment of appellate counsel [is] more appropriately addressed to the Sixth Circuit.").

Thus, the court lacks jurisdiction over the instant motion, and it will be denied. If Defendant believes he is entitled to an appellate attorney, he must present a request for the appointment of counsel to the Sixth Circuit. Accordingly,

IT IS ORDERED that Defendant's "Request for Assistance of Counsel" (ECF No. 124) is DENIED.

      s/Robert H. Cleland      /
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: July 27, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2021, by electronic and/or ordinary mail.

      s/Lisa Wagner      /
      Case Manager and Deputy Clerk
      (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\03-80139.BENSON.RequestforAssistanceofCounsel.NoJurisdictionAppeal.RMK.docx