UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case Number 03-80139

v.                                          Honorable David M. Lawson

CHRISTOPHER LEE BENSON,

        Defendant.
_____/

## OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE

        A jury convicted Christopher Benson of possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possessing a firearm as a convicted felon. He was sentenced to concurrent prison terms of 10 and 20 years on the felon-in-possession and cocaine charges, and a consecutive 10-year sentence on the drug trafficking-firearm count by the Honorable Robert H. Cleland on July 19, 2005. He now seeks a reduction of his prison sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. He argues that the amendment will eliminate one "status point" from his criminal history score, and that will result in a lower criminal history category than the one Judge Cleland applied, and a consequent reduction in his sentencing guideline range. The government disagrees that the elimination of the status points will reduce Benson's criminal history category or his sentencing guideline range and argues therefore that Benson is not eligible for a reduction. The Court agrees with Benson that his criminal history point total should be reduced by one point, but because that will not change the sentencing guideline range Judge Cleland applied, Benson is not eligible for relief under the statute. The Court will deny the motion to reduce the sentence.

        In 2023, the United States Sentencing Commission promulgated Amendment 821, which changed the sentencing guidelines' criminal history scoring for offenses committed while under a

criminal justice sentence. Part A of Amendment 821, which now appears in the guidelines at section 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* USSG § 4A1.1(e).

When a defendant was sentenced to prison "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the defendant may move, and the Court may order, a reduction of the prison sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statement on this subject is found at USSG § 1B1.10, and it references the statute's authorization of sentence reductions based on retroactive changes to the Sentencing Guideline Manual. It also states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(2)(B).

Adjudicating a motion under section 3582(c)(2) requires application of a two-step approach. First, the Court must consider whether the defendant is eligible for relief under the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)). The defendant has the burden of establishing eligibility. *United States v. Petaway*, No. 16-3592, 2017 WL 6003432, at *1 (6th Cir. May 22, 2017) ("To be eligible for a reduction, a defendant must show that his sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission and that the reduction would be consistent with the

Commission's applicable policy statements.") (citing *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012)).

One requirement for eligibility is that the defendant's sentence must have been based on a sentencing guideline range that an amendment subsequently reduced. Another requirement is that the "guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017) (quoting *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010); U.S.S.G. § 1B1.10(a)(2)(B)) (cleaned up). That determination calls for a comparison of the original applicable guideline range with the new range that results from applying the retroactive amendments. U.S.S.G. § 1B1.10(b)(2)(B). When calculating the new range, "the court shall substitute only the [new retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*

According to paragraph 44 of the presentence report, Benson received seven criminal history points under section 4A.1.1(a) through (d) of the Sentencing Guideline Manual then in effect. As stated in paragraph 45, he received two "status points" for being under a criminal justice sentence at the time of the offense. In addition, Benson received an additional point due to a former guideline provision for committing the instant offense less than two years after his release from imprisonment. Altogether, this resulted in a total criminal history point score of 10, placing him in criminal history category V. But because Benson was identified as a Career Offender, *see* PSR ¶ 48 , he was placed in criminal history category VI.

Amendment 821, Part A to the Guideline Manual addresses "status points." The new USSG § 4A1.1(e) provision instructs courts to add one point if the defendant receives seven or more criminal history points under subsections (a) through (d) and committed the instant offense

- 4 -

while under any criminal justice sentence. Under the amendment, Benson would receive one status point instead of two, because his subtotal criminal history points was seven or more. Reducing Benson's criminal history points from ten to nine will not help him, however, because his status as a Career Offender still relegates him to criminal history category VI. And because his criminal history category did not change, he is not eligible for a reduction under Amendment 821, Part A.

Because Amendment 821 did not "have the effect of lowering the defendant's applicable guideline range," Benson is not eligible for relief from his prison sentence under 18 U.S.C. § 3582(c)(2). However, his presentence report should be amended to reflect the accurate criminal history point total of nine points.

Accordingly, it is **ORDERED** that the defendant's motion for a sentence reduction under Sentencing Guideline Amendment 821 (ECF No. 128) is **DENIED**.

It is further **ORDERED** that the defendant's presentence report shall be amended to reflect the defendant's criminal history point total of nine points.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: March 10, 2025